### In re JACOBS.

(Supreme Court, Appellate Division, First Department.    April 15, 1910.)

ATTORNEY AND CLIENT (§ 52*)—DISBARMENT PROCEEDINGS—WITHDRAWAL.

Where papers submitted by petitioner in disbarment proceedings justify the submission of the charges to the court, but the answering affidavits, including one from respondent's client involved in the transaction complained of, satisfactorily meet the charges against respondent, an application of petitioner to withdraw the proceedings will be granted.

[Ed. Note.—For other cases, see Attorney and Client, Dec. Dig. § 52.*]

Proceedings to disbar Morris Jacobs, an attorney. Application to withdraw proceeding granted.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, McLAUGHLIN, and DOWLING, JJ.

Einar Chrystie, for petitioner.
Andrew Byrne, for respondent.

PER CURIAM. Upon the papers submitted by the petitioner a case was presented which justified the submission of the charges to this court. The answering affidavits satisfactorily meet the charges against the respondent. An affidavit was submitted by his client from

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

which it appears that the respondent was authorized to·take whatever action he thought necessary to protect his client in the matter of the collection of these notes; that he had an implied authority to grant an extension of time for the payment of the notes and had the authority from his client to collect the notes. The action of the respondent in accepting the $100 on account of one of these notes in the absence of his client and agreeing to the extension was, thus, within the authority conferred upon him, and it cannot be said to have been misconduct on his part to retain the amount paid him to secure such extension until he could hear from his client, who was then absent. It does not appear that he misappropriated this $100, or used it for his own purposes. As soon as he was informed that his client had written a letter which would seem to imply that he had no right to collect this money, he at once paid it to the trust company, and there is no evidence that he, at any time, misappropriated any of his client's money, or that it was at all unprofessional to retain the money that had been paid on account of his client until he could hear from her.

Since this proceeding was submitted we have received from the attorney for the petitioner a notice that after examining the affidavits submitted the petitioner requests that the proceeding be withdrawn and discontinued, and upon this application this course will be adopted.

